UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DAVID EMERSON CAUDILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-CV-100-WOB |
| v. | ) | |
| | ) | |
| KENTON COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**** **** **** ****

Plaintiff David Emerson Caudill is an inmate confined in the Kenton County Detention Center ("KCDC") located in Covington, Kentucky. Caudill has filed a *pro se* civil rights complaint alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. Caudill alleges that the named defendants[1] have violated his right of access to the courts guaranteed by the First Amendment of the U.S. Constitution; have prevented him from assisting in his own criminal defense; and have denied him due process of law guaranteed by the Fourteenth Amendment of the U.S. Constitution. By separate Order, Caudill has been granted *in forma pauperis* status.

The Court has conducted a preliminary review of Caudill's complaint because he asserts claims against government officials and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Because Caudill is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v.*

---

[1] The named defendants are Terry Carl, Jailer of the KCDC, and the KCDC.

*Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  But as explained below, the Court determines that Caudill has not alleged a claim upon which relief can be granted as to his allegations that the defendants have denied him access to the courts and/or prevented him from assisting in his criminal defense in violation of his right to due process of law.

## ALLEGATIONS OF THE COMPLAINT

Caudill states that he has been confined in the KCDC since February 11, 2015.  [R. 3, p. 3][2]  He complains that the KCDC "…Does not have a legal law library for me (or any other inmate) to research cases, to help our lawyers fight our cases."  [*Id*., p. 2, § III]  Caudill candidly admits that he did not file a grievance concerning his claim.  *Id*., p. 6 (marking the "**NO**" box following question asking if he filed a grievance).  Caudill explains his failure to comply with the administrative exhaustion process as follows:

> Does no good because they just disregard them or throw them away, so they never even make it to the correct people.  This is a civil rights violation of due process, and doesn't need to be grieved.

*Id*., p. 6

In his complaint, Caudill seeks no type of relief.  *See id*., p.8

## DISCUSSION

Federal law requires all inmates, whether state or federal, to exhaust their administrative remedies prior to filing suit. 28 U.S.C. § 1997e(a).  When the failure to comply with this requirement is apparent from the face of the complaint, dismissal of the

---

[2]  Caudill does not state whether he is a pre-trial detainee or a convicted felon serving his sentence in the KCDC, but he is not listed as being an inmate under the control and custody of the Kentucky Department of Corrections. *See* http://kool.corrections.ky.gov/?sortOrder=Last%20Name%2C%20First%20Name&lastName=caudill&firstName=David&searchAliases=False&onlyPhotoRecords=False&showAdvancedOptions=False&returnResults=True#ScrollUpToSearch (last visited on June 19, 2015).

Case: 2:15-cv-00100-WOB   Doc #: 5   Filed: 06/25/15   Page: 3 of 8 - Page ID#: 23

complaint without prejudice is appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (stating that a district court can dismiss a complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir.2007) (where complaint was clear that the prisoner failed to exhaust his administrative remedies, *sua sponte* dismissal was proper); *Fletcher v. Myers*, No. 5:11-CV-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Smith v. Lief*, No. 10-CV-8-JMH, 2010 WL 411134, at *4 (E.D. Ky. Jan. 27, 2010); *Gunn v. Ky. Dept. of Corrections*, No. 5:07CV-P103-R, 2008 WL 2002259, at *4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

Simply put, under *Jones v. Bock*, Caudill's admitted failure to pursue the grievance process at the KCDC justifies dismissal of his complaint without prejudice. Other grounds, however, justify the dismissal of his § 1983 complaint *with* prejudice.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a) (2), (3).[3]   The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a) (2)).  While this notice pleading standard does require not require detailed factual

---

[3]  Again, in his complaint, Caudill demanded **no** type of relief, such as injunctive relief and/or monetary damages.

allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Caudill asserts that the KCDC does not have a law library which he and other inmates can use to "research cases and to help our lawyers fight our cases."  [R. 1, p. 2]  He asserts that the absence of a law library violates his First Amendment right of access to the courts. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have a duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821–25 (1977).  The State adequately provides defendants access to the courts when it provides them either an attorney or access to a law library.  *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). Prisoners may not dictate the method by which access to the courts will be assured. *Penland v. Warren County Jail*, 759 F.2d 524, 531 n. 7 (6th Cir.1985) *(en banc)*.  *See also Lewis v. Casey*, 518 U.S. 343, 351–354 (1996).  Further, a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement.  *Lewis*, 518 U.S. at 355; *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).

Here, Caudill does not allege that he needs a law library to file or participate in a direct criminal appeal, a habeas corpus petition, or a civil rights claims challenging the conditions of confinement; he alleges only in broad terms that he and other KCDC inmates want to research cases to "…help our lawyers fight our cases."  [R. 1, p. 2]  Caudill's reference to "our lawyers" signals that he currently has the benefit of legal representation, presumably in his criminal case (about which he provides no information).  Thus, to the extent that Caudill complains about the lack of a law library at the KCDC, he states no First Amendment claim, because he indicates that he currently has the services of an attorney.

To establish a § 1983 claim concerning a denial of access to the courts, a plaintiff must also demonstrate some prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351.  This can be accomplished by demonstrating that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally, a plaintiff must show that the alleged deprivation was the result of intentional conduct to state such a claim.  *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003) ("to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent").

Again, Caudill fails to allege facts sufficient to support a First Amendment claim of denied access to the courts.  He neither alleges nor establishes prejudice, because he does not allege that any constitutionally-guaranteed legal proceedings are being, or have been, compromised by the alleged lack of law library access.  As noted, Caudill indicates that he has a lawyer, and that he merely wishes to assist to lawyer.  Caudill also sets forth no facts

5

suggesting that the defendants' alleged conduct was intentional in the constitutional sense, *i.e.*, that the defendants have intentionally denied him access to materials or assistance in order to impede his legal proceedings. The absence of a law library certainly did not prevent Caudill from filing this § 1983 action. Caudill asserts nothing but a bare-bones, conclusory allegation that his First Amendment rights are being violated, and that conclusory allegation is insufficient to state a First Amendment claim alleging denial of access to the courts.

Further, Caudill alleges no facts indicating that KCDC Jailer Terry Carl personally or directly violated his First Amendment rights. In the context of a § 1983 claim, a supervisor is not liable for actions of her subordinates unless he or she personally participated in the offensive conduct. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Caudill alleges no such facts concerning KCDC Jailer Terry Carl.

To the extent that Caudill may be trying to invoke the Fourteenth Amendment of the U.S. Constitution as support for his claim that he is entitled to the right to assist in his own criminal defense, he is mistaken, because the Fourteenth Amendment does not state that a person has the right to assist in his own defense. It does guarantees the right due process of law, but Caudill alleges no facts indicating that he has been denied due process of law in any respect. Caudill alleges that he has been denied his right of access to the courts in violation

of the First Amendment of the U.S. Constitution, but as explained above, the Court has concluded that Caudill's First Amendment claim lacks merit.

Finally, in order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006). Because a detention center (or a jail) is not a municipality, but rather a building wherein prisoners are held, it is not a "person" amenable to suit under § 1983. *Coffey v. Miami County Jail*, No. 3:05-CV-383, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007); *Johnson v. Blackwelder*, No. 4:08-CV-91, 2009 WL 1392596 * 4 (E.D. Tenn., May 15, 2009). Therefore, because the KCDC is not an entity which can be sued, Caudill's claims against it fail to state a claim upon which relief can be granted.

In summary, Caudill's allegations are insufficient to support a federal civil rights claim for denial of right of access to the courts. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). For these reasons, Caudill's § 1983 complaint fails to state a claim upon which relief can be granted. His complaint will be dismissed and Judgment will be entered in favor of the defendants.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff David Emerson Caudill's 42 U.S.C. § 1983 civil rights Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

(2) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This June 25, 2015.

 **Signed By:**

**_William O. Bertelsman_** WOB

**United States District Judge**